UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID EICHELBERGER,

                Plaintiff,

                              DECISION AND ORDER

                              18-CV-0177L

      v.

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

---

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On October 16, 2013, plaintiff, then fifty-one years old, filed an application for a period of disability and disability insurance benefits, alleging disability beginning April 20, 2013. That application was initially denied. Plaintiff requested a hearing, which was held via videoconference before Administrative Law Judge ("ALJ") Stephen Cordovani on September 1, 2016. On September 28, 2016, the ALJ issued a decision concluding that plaintiff was not disabled. (Administrative Transcript, Dkt. #5 at 10-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 6, 2017. (Dkt. #5 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter (Dkt. #9), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #13), pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff had the severe impairments of left knee post traumatic arthritis post ligament reconstruction followed by left total knee replacement, osteoarthritis of the right knee, moderate lumbar degenerative disc disorder with status post laminectomy in 2004, by history, and obesity. (Dkt. #5 at 12).

The ALJ determined that plaintiff retained the RFC to perform light work, except that plaintiff can no more than occasionally use ramps and stairs, no more than occasionally stoop, and never kneel, crouch, crawl, squat, or climb ladders, ropes or scaffolds. Plaintiff cannot work on uneven ground, at unprotected heights, or around dangerous moving mechanical machinery. He cannot use foot pedals or foot controls. Finally, plaintiff must alternate between sitting and standing while on task, and cannot perform continuous walking for more than ten minutes. (Dkt. #5 at 15).

When presented with this RFC at the hearing, vocational expert Susan J. Rowe testified that claimant can perform the representative occupations of office helper, information clerk, and assembler. (Dkt. #5 at 22). The ALJ accordingly found plaintiff not disabled.

III. Issues on Appeal

Plaintiff argues that the ALJ failed to apply the treating physician rule to the November 7, 2012 and September 1, 2016 opinions of plaintiff's treating general practitioner, Dr. Grant Stephenson. (Dkt. #5 at 255, 469-73). The November 7, 2012 opinion is simply a treatment notation that plaintiff is "disabled" by pain in his knees, which was not entitled to controlling weight given that it was merely a conclusion as to the ultimate issue of disability. *See Snell*, 177 F.3d 128 at 133-145 (ultimate question of disability is expressly reserved to the Commissioner).

Dr. Stephenson's September 1, 2016 opinion, which was rendered 11 months after plaintiff's left knee replacement surgery, provides that due to plaintiff's right knee instability, left knee weakness, knee pain, back pain, and associated sleep disturbance, plaintiff can walk for one block, sit, stand or walk for up to 2 hours, requires periods of walking for 3-4 minutes out of every ten, requires a sit/stand option, needs five 10-15 minute unscheduled breaks each day, can occasionally lift or carry ten pounds, can rarely stoop, crouch or climb, and is likely to be absent from work at least four days per month due to symptoms. (Dkt. #5 at 469-73).

The ALJ afforded "little" weight to Dr. Stephenson's opinions, noting that they were not "within his area of expertise," that the initial opinion was rendered several months before claimant's alleged onset date, and that the opinions were inconsistent with those of plaintiff's treating surgeon, Dr. Jeffrey Nechleba, who repeatedly indicated (except for a period of six months when plaintiff was recovering from left knee replacement surgery) that plaintiff was cleared to work, with no physical restrictions. (Dkt. #5 at 20, 290, 342, 344, 467).

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1]. Further, the ALJ must articulate his reasons for assigning the weight that he does to a treating physician's opinion. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell*, 177 F.3d 128 at 134.

Here, the ALJ took explicit note of Dr. Stephenson's status as a long-term primary care physician (per his September 1, 2016 opinion, Dr. Stephenson saw plaintiff 3-4 times per year beginning in 1998), compared his field of expertise with that of plaintiff's treating surgeon (an orthopedic surgeon who saw plaintiff on a couple of occasions beginning in November 2013, and about every 4-6 weeks for pre-surgical appointments, left knee replacement surgery and post-surgical follow-up beginning around June 2015), and set forth the reasons he declined to afford controlling weight to Dr. Stephenson's opinions, including inconsistencies between his opinions

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence has eliminated application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017). For the purposes of this appeal, however, the prior version of the regulation applies.

4

and other evidence of record, such as multiple return-to-work authorizations by Dr. Nechleba and others in his office, and plaintiff's self-reported activities, including part-time work as a self-employed handyman beginning in May 2016 (Dkt. #5 at 40-42), and occasionally engaging in recreational fishing and deer hunting. Instead, the ALJ granted "significant" weight to the opinion of consultative examiner Dr. Samuel Balderman (who examined plaintiff February 12, 2014, prior to his left knee replacement surgery, and is the only physician who appears to have administered objective tests of plaintiff's exertional limitations), and "great" weight to the return-to-work forms by plaintiff's surgeon, Dr. Nechleba, which were supported by treatment notes observing that following plaintiff's recovery from left knee replacement surgery, his range of motion was improved and his complaints of left knee pain were significantly reduced in on some occasions eliminated (although these were replaced in and around January 2016 by worsening complaints of *right* knee pain, which Dr. Nechleba opined would eventually also require replacement surgery). (Dkt. #5 at 356, 358, 363).

Because "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve" (*Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)), the ALJ was entitled to "choose between properly submitted medical opinions" and to consider other evidence of record in determining plaintiff's RFC. *See Johnson v. Berryhill*, 2017 U.S. Dist. LEXIS 83747 at *17 (D. Conn. 2017). The ALJ applied the treating physician rule to Dr. Stephenson's opinions, acknowledging his treatment relationship with plaintiff, area of specialty, and the consistency of his opinions with the record. The ALJ also provided several good reasons (including inconsistencies with other opinions of record, and with plaintiff's self-reported activities) for his decision to grant limited weight to the opinions of Dr. Stephenson. As such, I find no reason to disturb the ALJ's determination.

Plaintiff also argues that the ALJ erred when he considered plaintiff's part-time work as a handyman as evidence that plaintiff was capable of a range of light work. However, "[t]he Commissioner's regulations provide that part-time work, even if not substantial gainful activity, may show a claimant is able to do more than they actually did." *Downs v. Colvin*, 2016 U.S. Dist. LEXIS 131290 at *12 (W.D.N.Y. 2016). As such, the ALJ's consideration of plaintiff's work activity was not improper.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that to the ALJ's decision is supported by substantial evidence and was not the product of legal error. The plaintiff's motion for remand (Dkt. #9) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 26, 2019.